# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1089V
Filed: October 25, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| HEATHER STURTZE, | |
| Petitioner, | Ruling on Entitlement; Concession; |
| v. | Tetanus-Diphtheria-Acellular Pertussis ("Tdap") Vaccination; Shoulder Injury |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA,* for petitioner.
*Kathryn Ann Robinette, U.S. Department of Justice, Washington, DC,* for respondent.

## **RULING ON ENTITLEMENT**[1]

**Dorsey**, Chief Special Master:

On August 31, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 16, 2015 tetanus-diphtheria-acellular pertussis ("Tdap") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 21, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "believes that petitioner's alleged injury is consistent with SIRVA and that it was caused-in-fact by the Tdap vaccine she received on September 16, 2015." *Id.* at 4. Respondent further agrees that no other causes have been identified for petitioner's SIRVA, and that "petitioner met the statutory

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

requirements by suffering the condition for more than six months." *Id.* Respondent additionally indicates that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master